IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TFHSP, L.L.C. SERIES 11239, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-14-CV-364-XR |
| § | |
| U.S. BANK, N. A., § | |
| § | |
| *Defendant*. § | |

**ORDER**

On this date, the Court considered Plaintiff's motion to remand. Docket No. 4.  For the following reasons, Plaintiff's motion is DENIED.

**Background**

According to Plaintiff TFHSP, L.L.C. Series 11239, in 2006, Jose and Ubaldina Hernandez purchased property located in San Antonio, Texas.  They financed their purchase with a mortgage from Countrywide Home Loans, Inc. ("Countrywide").  To secure repayment of the mortgage, the Hernandezes executed a security agreement, which placed a lien on the property.  Around December 2013, Countrywide allegedly assigned the purchase money mortgage to Defendant U.S. Bank, N.A.

The Hernandezes' property was located in a homeowners association ("HOA").  The HOA required the Hernandezes to pay dues and assessments.  The Hernandezes allegedly fell behind on their HOA obligations, and the HOA initiated a foreclosure sale of the property.  On May 21, 2013, Plaintiff allegedly purchased the property at a foreclosure auction initiated by the HOA.

Plaintiff asserts that after purchasing the property, it contacted Defendant to determine what interest, if any, Defendant claimed in the property. Plaintiff claims that it was unable to get a response. On November 1, 2013, Plaintiff filed suit in the 131st Judicial District Court of Bexar County, Texas. Orig. Pet., Docket No. 1-1. In its original petition, Plaintiff asserts that either the purchase money mortgage held by Defendant has been satisfied or the time to enforce the mortgage has lapsed. Plaintiff requests title to the property be quieted in its name. Alternatively, Plaintiff asserts that as purchaser at the HOA foreclosure auction it has an equitable right to redeem the purchase money mortgage. If the purchase money mortgage is valid, Plaintiff requests a reasonable opportunity to cure any default that may exist under the mortgage and to maintain its ownership subject to the purchase money mortgage. Plaintiff asserts claims for quiet title, equity of redemption, and declaratory judgment.

On March 3, 2014, Plaintiff amended its petition in state court. Am. Pet., Docket No. 1-1. Plaintiff ostensibly repudiated its claims for relief. Instead, Plaintiff (now styling itself Petitioner) requested an order, pursuant to Texas Rule of Civil Procedure 202, to take a pre-lawsuit deposition of Defendant's custodian of records regarding any liens Defendant may hold on the property. Additionally, Plaintiff requests injunctive relief to prevent Defendant from conducting a foreclosure sale of the property during the pendency of the suit.[1]

On the same day that Plaintiff filed its amended petition, the state court granted Plaintiff's request for a temporary restraining order ("TRO"), prohibiting Defendant from selling the property at a foreclosure sale. TRO, Docket No. 1-1. The court required Plaintiff to post a bond of $10,000, which it did. *Id.* at 2; Bond, Docket 1-1. The court set a temporary injunction

---

[1] Plaintiff asserts that Defendant expressed its intent to sell the property at a foreclosure sale on March 4, 2014. Am. Compl. ¶ 13.

2

hearing for March 17, 2014. TRO at 2.  Finally, the court ordered that the TRO would expire fourteen days from the date of entry, unless otherwise extended. *Id.*

Defendant was not served before the scheduled temporary injunction hearing, and the hearing was passed. *See* Mot. to Remand at 2, Docket No. 4 (describing the case's procedural history).  The TRO expired by operation of law. *See id*; TEX. R. CIV. P. 680 ("Every temporary restraining order . . . shall expire by its terms within such time after signing, not to exceed fourteen days.").  On March 31, 2014, Defendant answered in state court. Answer, Docket No. 1-1.  On April 22, 2014, Defendant removed the case to this Court on the basis of diversity jurisdiction. Not. of Removal, Docket No. 1; *see* 28 U.S.C. §§ 1332, 1441.  A month thereafter Plaintiff moved to remand, asserting that his request to take the deposition of Defendant's custodian of records in "anticipation of a future suit" cannot be removed and that, alternatively, the amount in controversy is less than the threshold amount for diversity jurisdiction of $75,000. Docket No. 4.

## Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  The removing defendant bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Any ambiguities are to be construed against removal, as the removal statute

should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## Discussion

At the time of removal, Plaintiff's amended petition was its live pleading. Accordingly, the Court considers the claims asserted therein for the purpose of determining whether diversity jurisdiction exists. *See Cavallini*, 44 F.3d at 264 (instructing courts to determine removal jurisdiction on the basis of claims asserted in the state court petition as it exists at the time of removal). The amended petition makes at least two requests for relief: (1) a request to take the deposition of Defendant's custodian of record before suit, pursuant to Texas Rule of Civil Procedure 202 ("Rule 202"); and (2) an order restraining Defendant from selling the property until the Court can hold a hearing on Plaintiff's petition. Am. Pet. ¶¶ 20, 22.[2]

Plaintiff asserts that his amended petition is a true Rule 202 request. *See* Mot. to Remand at 2, 10. Defendant insists it is a sham. Not. of Removal at 5–6; Resp. at 4–5. Rule 202 provides:

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit.

TEX. R. CIV. P. 202.1.[3] The court must order a deposition if, but only if, it finds that: "(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested

---

[2] Additionally, in its concluding prayer, Plaintiff requests "all other relief, at law or equity, specific or general, to which [Plaintiff] may show itself to be justly entitled." Am. Compl. at 6.

[3] "Rule 202 consists of five rules: 202.1–202.5." *In re Enable Commerce, Inc.,* 256 F.R.D. 527, 528 n.1 (N.D. Tex. 2009) (citation omitted). The subparts address when a petition may be filed (202.1), the required contents of the petition (202.2), the requirements for serving the petition and notice of hearing (202.3), the required contents of the order authorizing a deposition (202.4), and the manner of taking and using a deposition (202.5). *Id.*

deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4.

Defendant insists that Plaintiff's petition is not a true Rule 202 request because it was not filed before suit and because it requests affirmative relief. The Court agrees. First, despite Plaintiff's assertion that it is "investigating potential claims," it has already determined that "[a] "live, ripe, and genuine controversy exists between the parties regarding the Property." Am. Compl. ¶¶ 14, 17. In fact, Plaintiff has asserted claims for quiet title, equity of redemption, and declaratory judgment against Defendant, which it has since purported to drop. *Compare* Orig. Pet. *with* Am. Pet. While Plaintiff argues in its amended petition that it merely wishes to "ascertain what interest, if any, [Defendant] assert[s] in the [p]roperty;" its allegations reveal that Plaintiff has already concluded its investigation. Am. Compl. ¶ 12. In its amended petition, Plaintiff asserts that Countrywide assigned the purchase money mortgage to Defendant on September 12, 2013, "via Instrument No.: 20130200434 in the deed records of Bexar County, Texas." *Id.* ¶ 12A. Defendant allegedly appointed substitute foreclosure trustees and instructed these trustees to sell the property at public auction on March 4, 2014. *Id.* ¶ 13. Plaintiff requested a TRO to stop the foreclosure sale. *Id.* ¶ 22.

Rule 202 prevents a potential litigant from having "to file suit before determining whether a claim exists." *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Here, Plaintiff alleges knowledge of all of the relevant facts to support its challenge to Defendant's ownership of the property. It has traced Defendant's claim in the property to the purchase money mortgage and determined the date of the scheduled foreclosure sale. Although Plaintiff may not know the exact amount of the alleged purchase

money mortgage default and although Defendant may refuse to communicate with Plaintiff since it is not the original mortgagor of the purchase money mortgage, the relationships between all of the relevant parties are known (i.e., Plaintiff, Defendant, Countrywide, and the Hernandezes). Plaintiff's petition is not truly investigative.

Instead, the purpose and nature of Plaintiff's petition is revealed by its request for injunctive relief. A request for injunctive relief must be supported by a viable cause of action. *Turner v. United States*, 4:13-CV-932, 2013 WL 5877358, *13 (S.D. Tex. Oct. 31, 2013) (holding that the plaintiffs' request for injunctive relief failed because the plaintiffs had not pled a viable cause of action); *Denman v. Wells Fargo Bank, N.A.*, SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) (same).[4] A Rule 202 request "asserts no claim or cause of action upon which relief can be granted." *Mayfield-George v. Texas Rehab. Com'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000).[5] "It merely seeks authority to take a deposition for use in an anticipated lawsuit." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 531 (N.D. Tex. 2009). Although Plaintiff purports to have waived all of its claims, it has not done so. Its assertion that "[a] live, ripe, and genuine controversy exists between the parties regarding the [p]roperty," and its request for injunctive relief, which was granted by the state court, show that Plaintiff is pursuing a claim upon which injunctive relief can be granted. *See Amoco Prod. Co. v. Vill. of*

---

[4] *Cf. Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (listing the elements a plaintiff must establish to secure a preliminary injunction, which include, among others, a showing that there is "a substantial likelihood of success on the merits" of an underlying claim); *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming the district court's dismissal of a lawsuit with prejudice after the district court determined that the plaintiff had failed to state a claim upon which injunctive relief could be granted).

[5] *See also Davidson v. S. Farm Bureau Cas. Ins. Co.,* No. H–05–03607, 2006 WL 1716075 at *2 (S.D. Tex. June 19, 2006) ("The Texas Supreme Court has opined that a Rule 202 petition for deposition 'is not of itself an independent suit, but is in aid of and incident to an anticipated suit . . . [it] is purely an ancillary matter.') (citing *Office Employees Int'l Union v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965) (referencing Texas Rule of Civil Procedure 187, now codified at Rule 202); *In re Johnson*, 3:13-CV-00231, 2013 WL 4459021, at *2 (S.D. Tex. Aug. 15, 2013) ("A Rule 202 proceeding cannot result in any recovery."); *McCrary v. Kansas City S. R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000) ("The Rule 202 Request is merely a *pre-suit* request for depositions to investigate a potential claim or suit.") (emphasis in the original).

*Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) (explaining that to be entitled to permanent injunctive relief a plaintiff must show, among other things, actual success on the merits of its claim).

Though the exact nature of Plaintiff's claim (or claims) is unclear, the purpose of the claim (or claims) is to enjoin Defendant from transferring the property at a foreclosure sale and to preserve Plaintiff's ownership interest. To the extent that Plaintiff is claiming that it has not asserted any "action" from which this matter can be removed, Plaintiff is judicially estopped from taking such an inconsistent position. "A temporary injunction is an extraordinary remedy and will not issue as a matter of right. To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. A probable right of recovery is shown by alleging a cause of action and presenting evidence tending to sustain it." *Tranter, Inc. v. Liss*, 2014 WL 1257278 (Tex. App.—Ft. Worth Mar. 27, 2014, no pet. h.). Plaintiff could not have in good faith sought and obtained a TRO unless it had asserted a cause of action.

Defendant removed the case to this court on the basis of diversity jurisdiction; *see* Not. of Removal; 28 U.S.C. §§ 1332, 1441. 28 U.S.C. § 1332 confers original district court jurisdiction over all civil actions where the amount in controversy is greater than $75,000 and complete diversity of citizenship exists between all named plaintiffs and all named defendants. 28 U.S.C. § 1332; *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "In actions enjoining a lender from transferring property and preserving an . . . ownership interest . . . the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). Here, the property is appraised at approximately $126,000. *See* Bexar County, Texas

Central Tax Appraisal District, Property Search Result, Docket No. 1-3.  Plaintiff seeks to enjoin Defendant from transferring the property and seeks to preserve an ownership interest in the property.  The parties do not dispute the appraised value.  Thus, the Court finds that the amount in controversy is greater than $75,000. *See Farkas*, 737 F.3d at 341.[6]

Finally, the Court finds that the parties are diverse. Plaintiff is undisputedly a citizen of Texas. *See* Not. of Removal at 3.  Defendant is undisputedly a citizen of Ohio. *See id.*  Since this is a civil action where the amount in controversy is greater than $75,000 and the parties are diverse, the Court has diversity jurisdiction and removal was proper. *See* 28 U.S.C. §§ 1332, 1441.[7]  Accordingly, Plaintiff's motion to remand is DENIED.

## Conclusion

For the foregoing reasons, the Court finds that it has diversity jurisdiction. *See* 28 U.S.C. § 1332.  Accordingly, Plaintiff's motion to remand is DENIED. Docket No. 4.

It is so ORDERED.

SIGNED this 17th day of June, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's request, in effect, challenges ownership and seeks an indefinite prohibition on foreclosure sale.  As the Fifth Circuit has held, where the purpose of the injunctive relief is to stop a foreclosure sale, the property is the object of the litigation and the value of the property represents the amount in controversy. *See Farkas*, 737 F.3d at 341.

[7] Since the Court finds that Plaintiff has not filed a true Rule 202 petition, but instead asserts one or more claims for relief, the Court does not address whether a true Rule 202 petition is a removable "civil action" within the meaning of the removal statue. *See In re Johnson*, 2013 WL 4459021, at *2 (S.D. Tex. Aug. 15, 2013) (noting various federal court rulings on the issue of whether a Rule 202 petition is a "civil action," but avoiding the issue and remanding by finding the amount in controversy insufficient for diversity jurisdiction).