IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TFHSP, L.L.C. SERIES 11239, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-364-XR |
| | § | |
| U.S. BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this day, the Court considered Defendant's motion for judgment on the pleadings. Doc. No. 9.  For the following reasons, the motion is GRANTED.

## BACKGROUND[1]

In 2006, Jose and Ubaldina Hernandez purchased real property located in San Antonio, Texas. Am. Pet. ¶ 9, Docket No. 1-1.  To finance their purchase, the Hernandezes obtained a mortgage from Countrywide Home Loans, Inc. ("Countrywide"). *Id.* ¶¶ 9, 9A.  In September 2013, Countrywide assigned the mortgage to Defendant U.S. Bank, N.A. *Id.* ¶ 12A.

The Hernandezes' property was located in a Homeowner's Association ("HOA"), which required the payment of dues and assessments. *Id.* ¶ 10.  The HOA obligations were secured by a lien on the property.  When the Hernandezes fell behind on their payments to the HOA, the HOA foreclosed on its lien. *Id.* ¶ 11.  On May 21, 2013, Plaintiff TFHSP, L.L.C. Series 11239 purchased the property at a foreclosure sale initiated by the HOA. *Id.*  After the sale, Plaintiff allegedly contacted Defendant to determine what interest, if any, Defendant claimed in the property. *Id.* ¶ 12.  Plaintiff asserts Defendant did not respond. *Id.* ¶ 12.

---

[1] The background facts are taken from Plaintiff's amended petition, with all non-conclusory factual allegations accepted as true. Docket No. 1-1; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 1, 2013, Plaintiff filed suit in the 131st Judicial District Court of Bexar County, Texas. Orig. Pet., Doc. No. 1-1. Plaintiff's original petition alleges that either the purchase money mortgage held by Defendant has been satisfied, or the time to enforce the mortgage has lapsed. *Id.* ¶ 9. The petition asserts claims for quiet title, equity of redemption, and declaratory judgment. *Id.* ¶¶ 10–17.

On March 3, 2014, Plaintiff amended its petition in state court. Am. Pet., Doc. No. 1-1. Plaintiff's amended petition removes the previously asserted claims. Instead, the petition requests an order authorizing a pre-suit deposition of Defendant's custodian of records, pursuant to Texas Rule of Civil Procedure 202 ("Rule 202"). *Id.* ¶ 15; *see* TEX. R. CIV. P. 202.1. Additionally, Plaintiff requests injunctive relief to enjoin Defendant from conducting a foreclosure sale of the property during the pendency of the suit. *Id.* ¶ 24.

On March 3, 2014, the state court granted Plaintiff's request for a temporary restraining order. TRO, Doc. No. 1-1. On April 22, 2014, Defendant removed the case to this Court on the basis of diversity jurisdiction. Doc. No. 1. Thereafter, Plaintiff filed a motion to remand, which this Court denied. Doc. Nos. 4, 6. In its Order denying remand, the Court held that Plaintiff's Rule 202 petition is not a true pre-suit deposition request because it was not filed before suit and because it requests affirmative relief. Order at 5. Consequently, the Court found Plaintiff's action removable. *Id.* 7–8; *see* 28 U.S.C. § 1441.[2] In its Order, the Court noted, "Though the exact nature of Plaintiff's claim (or claims) is unclear, the purpose of the claim (or claims) is to enjoin Defendant from transferring the property at a foreclosure sale and to preserve Plaintiff's ownership interest." Order at 7.

---

[2] Additionally, the Court determined that it had diversity jurisdiction. *See* Order at 7–8.

On July 1, 2014, Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Doc. No. 9. Plaintiff has not responded to Defendant's motion.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief;" and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

In its amended petition, Plaintiff makes two requests: (1) a request for authorization to conduct a pre-lawsuit deposition under Rule 202; and (2) a request for injunctive relief prohibiting Defendant from conducting a foreclosure sale. As the Court noted in its previous

Order, neither a Rule 202 request nor a request for injunctive relief state a cause of action. *See* Order at 6.  Instead, Rule 202 merely authorizes an ancillary proceeding, in which a court may order a pre-suit deposition, *see In re Enable Commerce, Inc.*, 256 F.R.D. 527, 531 (N.D. Tex. 2009), while injunctive relief is merely a form of relief that must be supported by a viable cause of action, *see Turner v. United States*, No. 4:13-CV-932, 2013 WL 5877358, at *13 (S.D. Tex. Oct. 31, 2013).  Although the Court also found that Plaintiff asserted a cause of action because it requested and received temporary injunctive relief in state court, the Court noted it was unable to determine the exact nature of Plaintiff's claim (or claims). Order at 7.  To date, Plaintiff has not moved to amend its complaint to clarify what claim (or claims) it is pursuing, nor has it responded to Defendant's motion for judgment on the pleadings.

The Federal Rules require a complaint to contain "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Plaintiff's amended petition does not specify a cause of action.  Instead, it merely lists allegations and demands relief.  By not specifying a legal cause of action, Plaintiff has not provided the requisite "short and plain statement . . . showing that [it] is entitled to relief." FED. R. CIV. P. 8(a)(2).  Therefore, the Court finds Plaintiff has not stated a claim. *See id.*; *Iqbal*, 556 U.S. at 678.  Since Plaintiff has not stated a claim, the Court grants Defendant's motion for judgment on the pleadings. *See* FED. R. CIV. P. 8(a), 12(c); *Guidry*, 512 F.3d at 180.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for judgment on the pleadings. Doc. No. 9.  Accordingly, Plaintiff's case is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 4th day of August, 2014.

                                                                                  _____
                                                                                  XAVIER RODRIGUEZ
                                                                                  UNITED STATES DISTRICT JUDGE